UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROTECH WHEEL INDUSTRY CO. LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VELOX ENTERPRISES, INC., ET AL., ) <br> ) <br> Defendants. ) <br> ) | NO. CV 09-04049 FMC (SSx) <br><br> **MEMORANDUM AND ORDER RE: PARTIES' PROPOSED PROTECTIVE ORDER** |

The Court has received and considered the parties' Stipulation ("Stipulation") and Proposed Protective Order ("Protective Order"), submitted on December 14, 2009. The Court is unable to adopt the Protective Order as stipulated to by the parties for the followings reasons.

First, a protective order must be narrowly tailored and cannot be overbroad. Therefore, the documents, information, items or materials that are subject to the protective order shall be described in a meaningful fashion (for example, "blueprints," "customer lists," or "market surveys," etc.). It is not sufficient to deem protected "any

1

documents, testimony or other discovery material that contains confidential information." (Stipulation at ¶ 1; Protective Order at ¶ 1).

Second, the Court cannot agree that all documents containing confidential information be filed under seal. (Stipulation at ¶ 10; Protective Order at ¶ 10). If confidential material is included in any papers to be filed in Court, such papers shall be accompanied by an application, pursuant to Local Rule 79-5.1, to file the papers -- or the confidential portion thereof -- under seal. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

Finally, the Protective Order does not establish the requisite good cause. Pintos v. Pac. Creditors Ass'n, 565 F.3d 1106, 1115 (9th Cir. 2009) ("The relevant standard [for the entry of a protective order] is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." (internal quotation marks and alteration omitted)); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) (court's protective order analysis requires examination of good cause (citing Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11, 1212 (9th Cir. 2002)); San Jose Mercury News, Inc. v. United States Dist. Court, 187 F.3d 1096, 1102 (9th Cir. 1999).

The Court may only enter a protective order upon a showing of good cause. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176

1  (9th Cir. 2006) (stipulating to protective order insufficient to make
2  particularized showing of good cause, as required by Rule 26(c));
3  Phillips, 307 F.3d at 1210-11 (Rule 26(c) requires a showing of good
4  cause for a protective order); Makar-Wellbon v. Sony Electrics, Inc.,
5  187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders
6  require good cause showing).

8      In any revised stipulated protective order submitted to the Court,
9  the parties must include a statement demonstrating good cause for entry
10 of a protective order pertaining to the documents or information
11 described in the order.  The documents to be protected shall be
12 specifically described and identified.  The paragraph containing the
13 statement of good cause should be preceded by the phrase: "GOOD CAUSE
14 STATEMENT."  The parties shall articulate, for each document or category
15 of documents they seek to protect, the specific prejudice or harm that
16 will result if no protective order is entered. Foltz, 331 F.3d at 1130
17 (citations omitted).

19     In any revised stipulated protective order, the parties shall
20 include the following in the caption: "[Discovery Document: Referred
21 to Magistrate Judge Suzanne H. Segal]."

24 DATED: December 15, 2009

                                    /s/ Suzanne H. Segal
                                    SUZANNE H. SEGAL
                                    UNITED STATES MAGISTRATE JUDGE