William L. Buus (SBN 180059)
BUUS KIM KUO & TRAN APC
4675 MacArthur Court, Suite 590
Newport Beach, California 92660
Telephone: (949)863-9782
Facsimile: (949)863-9783
Email: bbuus@bkktlaw.com

Attorneys for Defendant
Velox Enterprise, Inc. and Defendant/
Counterclaim Plaintiff Ixion Industries
Corporation



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PROTECH WHEEL INDUSTRY CO. LTD, <br><br> Plaintiff, <br><br> vs. <br><br> VELOX ENTERPRISES, INC., a California Corporation as successor in interest to IXION INDUSTRIES CORPORATION, dba Velox Automotive Group, a California Corporation, and DOES 1 through 10, inclusive, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIM | Case No.: CV09-4049 JHN (SSx) <br><br> [~~PROPOSED~~] PROTECTIVE ORDER |

The Court having received and considered the stipulation of the parties for the entry of a protective order, and finding that discovery in this case may require disclosure of trade secrets or other confidential research, development or commercial information, and considering the privacy interests in disclosure of this information, and good cause having been shown pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED THAT:

    1.    Any party to this action, and any non-party from whom discovery

1

is sought in connection with this action, may designate as "CONFIDENTIAL - ATTORNEYS EYES ONLY" or "CONFIDENTIAL" the following testimony or documents:

  (a) All testimony about or documents containing information relating to, the stipulating parties' sales and/or proposed sales of goods to any of its customers, including but not limited to the following: marketing and/or sales plans; the identities of, and contact information for, customers and/or prospective customers; contract negotiations and/or contracts between the stipulating parties and their customers and/or prospective customers; the purchase preferences of customers and/or prospective customers; customer purchase orders; invoices issued to customers; and/or summaries and/or reports of sales to customers. The Court finds that, if such documents and information are disclosed without limitation as to their use, such documents and/or information may be utilized by the stipulating parties' competitors to give such competitors a competitive advantage.

  (b) All internal corporate information and documents relating to the stipulating parties' corporate structure and operations, including but not limited to the following: identities and contact information of board members, officers, and/or shareholders; minutes of board, officer and/or shareholder meetings; any board, officer and/or shareholder resolutions; corporate bylaws; shareholder certificates; and/or shareholder registers. The Court finds that, if such documents and information are disclosed to the general public without limitations as to their use, such documents and/or information may be utilized by the stipulating parties' competitors to give such competitors a competitive advantage and such disclosure may violate the privacy rights of board members, officers and/or shareholders.

  (c) All financial information and records of the stipulating

parties, including but not limited to the following: all accounting and bookkeeping records; profit/loss statements; balance sheets; statements of cash flow; general journals; general ledgers; state and federal tax returns; all financial accounts, including but not limited to deposit accounts, loan accounts, credit accounts, and/or investment accounts, and any transactions related to such accounts; all applications and/or documents/information submitted to any financial company for the purpose of opening any financial account; all assets and expenses of defendants; and/or defendants' capital accounts. The Court finds that, if such documents and information are disclosed to the general public without limitations as to their use, such documents and/or information may be utilized by competitors to give such competitors a competitive advantage and such disclosure may violate the privacy rights of board members, officers and/or shareholders.

   (d) All information relating to the stipulating parties' employees and employment practices, including but not limited to the following: identities and contact information of such employees; compensation and/or benefits provided by the stipulating parties to their employees; employees' W2s and W4s submitted; the stipulating parties' withholding of taxes from their employees' compensation; employee files, including but not limited to information relating to employee evaluations and/or disciplinary measures; the job duties of employees; employment policy manuals; and/or worker's compensation insurance and/or any claims made thereunder. The Court finds that, if such documents and information are disclosed to the general public without limitations as to their use, such documents and/or information may be utilized by competitors to give such competitors a competitive advantage and such disclosure may violate the privacy rights of employees.

"CONFIDENTIAL - ATTORNEYS EYES ONLY" and "CONFIDENTIAL" material, as used in this stipulation, shall refer to any so designated document, testimony or other discovery material and all copies thereof, and shall also refer to the information contained in such material. No designation shall be made unless the designating party or non-party believes in good faith that the designated material is entitled to protection under this stipulation and Rule 26(c)(7) of the Federal Rules of Civil Procedure.

## STATEMENT OF GOOD CAUSE

The stipulating parties agree, and this Court finds, that the CONFIDENTIAL information described above constitutes either trade secrets of the stipulating parties and/or confidential financial information of the stipulating parties and/or its employees. The Court further finds that, if such documents and information are disclosed to the general public without limitations as to use, such documents and/or information may be utilized by competitors to give such competitors a competitive advantage and such disclosure may violate the privacy rights of employees, board members, officers and/or board members.

2. Confidential discovery material shall fall into two categories. Material marked or otherwise designated as "CONFIDENTIAL" shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

 a) the Court and its officers;
 b) counsel, whether retained counsel or in-house counsel;
 c) employees of counsel;
 d) translators, duplicating services, and auxiliary services of a like nature, routinely engaged by counsel;
 e) experts, engaged by counsel or the parties to assist in this litigation, provided that any such third party has signed an

4

[PROPOSED] PROTECTIVE ORDER

undertaking in the form of Exhibit A attached hereto prior to receipt of the Confidential information; and

  f)  employees of a party who need to know the information in the prosecution of or in defense to claims made in this case.

Material marked or otherwise designated as "CONFIDENTIAL - ATTORNEYS EYES ONLY" is further restricted in that it shall not be disclosed to any person in category 2(f) above or to in-house counsel. The parties shall not designate material as "CONFIDENTIAL - ATTORNEYS EYES ONLY" unless it comprises or contains extremely sensitive technical, marketing, financial, sales or other confidential business information, the disclosure of which would adversely affect the producing party.

  3. In the event the producing party elects to produce original documents or other material for inspection, no markings need be made by the producing party in advance of the inspection. All such documents or other material shall be considered as marked "CONFIDENTIAL - ATTORNEYS EYES ONLY." After selection by the inspecting party of specified documents or material for copying, the producing party shall make the appropriate designation, if any, at the time of production of the copies.

  4. Discovery material produced without the designation of "CONFIDENTIAL -ATTORNEYS EYES ONLY" or "CONFIDENTIAL" may be so designated subsequent to production or testimony when the producing party failed to make such designation at the time of production or during the testimony through inadvertence or error. If discovery material is designated subsequent to production or testimony, the receiving party shall use its best efforts to promptly collect any copies that have been provided to individuals other than those identified in Paragraph 2 of this stipulation. For purposes of this Paragraph, the material will be deemed to be "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" as

of the date upon which notice of the designation is received. It shall not be a violation of this stipulation to disseminate discovery material that has not been designated as subject to this stipulation as of the time the material is disseminated.

5. Counsel for any party may make a designation of CONFIDENTIAL INFORMATION or CONFIDENTIAL - ATTORNEYS EYES ONLY by written notice within 14 days of the receipt by the designating party of the deposition transcript, if not already designated during the deposition as reflected in the transcript. All persons with copies of the deposition transcript shall then mark the copies with the same legend. Until the 14-day period has expired, all deposition testimony and transcripts shall be treated in their entirety as CONFIDENTIAL - ATTORNEY EYES ONLY covered by this stipulation.

6. A party which challenges a designation by the other party may move the Court to order a lower designation, e.g., from "CONFIDENTIAL - ATTORNEYS EYES ONLY" to "CONFIDENTIAL," or to remove a designation for any material. The designating party shall bear the burden of establishing the need for the "CONFIDENTIAL - ATTORNEYS EYES ONLY" or "CONFIDENTIAL" designation.

7. No designation shall be effective unless there is placed or affixed on such material a "CONFIDENTIAL - ATTORNEYS EYES ONLY" or "CONFIDENTIAL" marking. Testimony given at a deposition or hearing and the resulting transcript may be so designated by an appropriate statement at the time of the giving of such testimony.

8. All discovery material exchanged between the parties in this action, whether designated under provisions of the stipulated protective order or not, shall be used solely for the prosecution or defense of the claims in this action and shall not be disseminated or used for any business, commercial, competitive,

personal or other purpose.

9. At the conclusion of this case, all material produced pursuant to discovery, and all copies thereof, shall be returned to the producing party or, at the option of the producing party, opposing counsel shall certify in writing that such material has been destroyed. Counsel of record may retain one set of all papers, including confidential discovery material.

10. If "CONFIDENTIAL - ATTORNEYS EYES ONLY" or "CONFIDENTIAL" material is sought to be filed with the court, the party initiating such filing must first attempt to file such material under seal pursuant to Local Rule 79-5.1. Pursuant to that rule, generally, an application to permit filing under seal shall be submitted to the Court, and the documents to be filed shall be lodged with the court, pending the Court's ruling on the application.

11. The restrictions set forth in any of the preceding paragraphs including Paragraph 8 shall not apply to information or material that:

   a) was, is or becomes public knowledge in a manner other than by violation of the stipulated protective order;

   b) is acquired by the non-designating party from a third party having the right to disclose such information or material; or

   c) was lawfully possessed by the non-designating party prior to the entry by the Court of the stipulated protective order.

However, a party seeking to remove a designation pursuant to this stipulation based on the assertion that the designated information or material falls within the foregoing categories shall continue to treat material designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" as such until the original designation is changed or removed by the Producing Party or until the matter is resolved by the Court or upon agreement of the parties. The burden shall be on the Receiving Party to move the Court for removal of the designation.

12. If a Producing Party inadvertently discloses to a Receiving Party information that is privileged or otherwise immune from discovery, said Producing Party shall promptly upon discovery of such disclosure so advise the Receiving Party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the Receiving Party will make every reasonable effort to return such inadvertently produced item or items of information, and all copies thereof, within ten (10) days of the earliest of (a) discovery by the Receiving Party or the inadvertent production, or (b) receiving a written request from the Producing Party for the return of such item or items of information. Any information inadvertently produced pursuant to this provision shall not be disseminated or used by the Receiving Party for any reason.

13. The stipulated protective order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by Order of this Court, or by written agreement of the parties.

SO ORDERED:

12/23/09
Date

_[signature]_
United States Magistrate Judge